IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYLIEK SMITH, | § | |
| | § | |
| Defendant Below, | § | No. 275, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N1911001006 |
| | § | |
| Appellee. | § | |

Submitted: January 31, 2023
Decided: February 13, 2023

Before **SEITZ,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)    On November 12, 2019, a grand jury indicted the appellant, Tyliek Smith, on charges of first-degree murder, possession of a firearm during the commission of a felony ("PFDCF"), and possession of a destructive weapon.  The charges arose from the homicide of Dwayne Grimes on October 16, 2017, when Smith was fifteen years old.  After a hearing on January 29, 2020, the Superior Court denied Smith's motion to transfer the case to Family Court.

(2) On June 4, 2021, Smith pleaded guilty to second-degree murder (as a lesser-included offense of first-degree murder) and PFDCF. As part of the plea agreement, the State agreed to dismiss the destructive-weapon charge, and the parties stipulated that Smith would seek a sentence of no fewer than twenty-five years of unsuspended prison time and the State would recommend a sentence of thirty years of unsuspended prison time. After a colloquy with Smith, the Superior Court accepted the plea and ordered a presentence investigation.

(3) On January 11, 2022, Smith's counsel filed a motion to withdraw the guilty plea and a motion to withdraw as counsel. The motions indicated that Smith sought to withdraw his plea because he felt that his counsel had pressured him to plead guilty and should have gotten him a better deal. The Superior Court held a hearing on the motions on February 24, 2022. After reviewing the *Scarborough* factors,[1] the court denied the motion to withdraw the plea. The court granted counsel's motion to withdraw and appointed new counsel to represent Smith through sentencing and appeal, with the opportunity to file a new motion to withdraw the plea if the new counsel found a basis for doing so. The newly appointed counsel did not file a motion to withdraw the plea.

---

[1] *See Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007) (identifying five questions that the judge must address when evaluating whether to permit a defendant to withdraw his guilty plea: 1) whether there was a procedural defect in taking the plea; 2) whether defendant knowingly and voluntarily consented to the plea agreement; 3) whether defendant has a basis to assert legal innocence; 4) whether defendant had adequate legal counsel throughout the proceedings; and 5) whether grating the motion would prejudice the State or unduly inconvenience the court).

(4)　On July 8, 2022, the Superior Court sentenced Smith, effective November 19, 2019, as follows:  for second-degree murder, to thirty-five years of imprisonment, suspended after twenty years for decreasing levels of supervision; and for PFDCF, to seven years of imprisonment.  This is Smith's direct appeal.

(5)　On appeal, Smith's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c).  Smith's counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In her statement filed under Rule 26(c), counsel indicates that she informed Smith of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief.  Counsel also informed Smith of his right to submit points he wanted this Court to consider on appeal.  Smith has not submitted any points for the Court's consideration.  The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(6)　When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2]  This Court must also conduct its own review of the record and determine whether "the

---

[2] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744-45 (1967).

appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(7)    The Court has carefully reviewed the record and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Smith could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *Penson*, 488 U.S. at 82.

4